IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
07-0783
════════════
 
Irving W. Marks, 
Petitioner,
 
v.
 
St. Luke’s Episcopal Hospital, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the First 
District of Texas
════════════════════════════════════════════════════
 
 
Argued September 11, 2008
 
 
            
Justice 
Guzman, concurring and dissenting.
 
 
            
I join Chief Justice Jefferson’s 
concurrence and dissent for the reasons he explains, namely that (1) our 
holding in Diversicare requires a health 
care liability claim to involve an act or omission that is inseparable from the 
provision of health care, see Diversicare Gen. 
Partner, Inc. v. Rubio, 185 S.W.3d 842, 854 (Tex. 2005), and (2) the 
footboard on Marks’s hospital bed was not an integral part of St. Luke’s 
delivery of health care services to Marks. I write separately, however, because 
of an additional concern I have with the Court’s judgment. The Medical Liability 
and Insurance Improvement Act (MLIIA) was enacted to 
remedy a medical malpractice insurance crisis in Texas. Tex. Rev. Civ. Stat. art. 4590i, § 1.02(a)(5)–(6) (repealed 2003).[1] By sweeping even simple negligence claims 
under the umbrella of medical malpractice insurance policies, the Court risks 
broadening the class of claims that medical malpractice insurance companies must 
cover. This, I fear, will thwart the very purpose of the MLIIA, which is to 
reduce the cost of medical malpractice insurance in Texas so that patients can 
have increased access to health care. See id. § 1.02(a)(4)–(5). Health care providers generally carry both a 
malpractice policy to cover health care liability claims and a general liability 
policy to cover ordinary negligence. See Diversicare, 185 S.W.3d at 862 (O’Neill, J., dissenting) 
(citing Cochran v. B.J. Servs. Co. USA, 302 F.3d 499, 502 (5th 
Cir. 2002)). As the dissent explained in Diversicare, when courts determine that a claim is a 
health care liability claim, expenses related to that litigation likely will 
fall under the malpractice policy instead of the general liability policy. 
Id. Thus:
 
the adoption of an overly broad interpretation of “health 
care liability claim” could . . . hinder the Legislature’s goal of ensuring that 
medical malpractice insurance is available at a reasonable cost: if courts sweep 
even ordinary negligence claims into the ambit of the MLIIA, then malpractice 
insurers may end up covering more of those claims. Malpractice insurance rates 
would then continue to rise as those insurance policies are required to cover 
claims that were not contemplated under the insurance 
contracts.
 
Id. 
at 
863.
            
As Chief Justice Jefferson 
notes in his dissent, a variety of fixtures in a hospital enable doctors 
to provide medical services, many of which are merely incidental to the 
provision of health care services. In holding that even a hospital bed footboard 
is an integral and inseparable part of the delivery of health care services, it 
is unclear what acts of ordinary negligence occurring in a health care setting, 
if any, might still fall within the scope of premises liability rather than 
health care liability. The Legislature did not intend for the MLIIA to convert 
an ordinary, nonmedical negligence claim, like the one here, into a health care 
liability claim. Because the Court’s interpretation of the statute contradicts 
this express intent, I join Chief 
Justice Jefferson in concurring and dissenting from the Court’s 
judgment.
 
                                                                                                
___________________________
                                                                                                
Eva M. Guzman
                                                                                                
Justice
 
OPINION DELIVERED: August 27, 2010
 






[1] Medical 
Liability and Insurance Improvement Act of Texas, 65th Leg., R.S., ch. 817, § 1.02(a)(5)–(6), 1977 Tex. Gen. Laws 2039, 2040, 
repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. Similar 
medical liability legislation is now codified in Chapter 74 of the Texas Civil 
Practice and Remedies Code.